UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA )
)
v. ) No. 2:19-cr-67-DBH
)
JESSICA CHILDS )
)

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and Craig M. Wolff, Assistant United States Attorney; and Jessica Childs (hereinafter "Defendant"), acting for herself and through her counsel, Stacey D. Neumann, Esquire, enter into the following Agreement based upon the promises and understandings set forth below:

1. Guilty Plea

Defendant agrees to waive indictment and plead guilty to a one-count Information in this case pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The Information charges Defendant with wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343.

2. Sentencing/Penalties

Defendant agrees to be sentenced on the charge described above. Defendant understands that the penalties that are applicable to the charge are as follows:

      A. A maximum prison term of 30 years;

      B. A maximum fine of $1,000,000;

      C. A mandatory special assessment of $100, which Defendant agrees to pay at or before the time that she enters a guilty plea;

Page 1 of 5

    D. A term of supervised release of not more than 5 years. Defendant understands that her failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring her to serve up to 3 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663A.

  3. <u>Agreements Regarding Sentencing</u>

The parties agree to make the non-binding recommendation that the Court find that Defendant has accepted responsibility for the offense of conviction, and that the Court should reduce Defendant's Adjusted Offense Level by 3 levels under § 3E1.1. The government reserves the right not to recommend a reduction under § 3E1.1 if, at any time between her execution of this Agreement and sentencing, Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit her conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under § 3C1.1; or (d) falsely denies or frivolously contests relevant conduct for which Defendant is accountable under § 1B1.3. Defendant understands that she may not withdraw the guilty plea if, for any of the reasons listed above, the government does not recommend that she receive a reduction in Offense Level for acceptance of responsibility;

The parties expressly agree and understand that should the Court reject the parties' recommendation, Defendant will not thereby be permitted to withdraw her plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

  4. <u>Appeal Waivers</u>

Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

      A.      Defendant's guilty plea and any other aspect of her conviction in the above-captioned case; and

      B.      A sentence of imprisonment that does not exceed 21 months. The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

Defendant's waiver of her right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

5.      <u>Consequences of Breach</u>

If Defendant violates or fails to perform any obligations under this agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute her on all criminal charges that can be brought against her. With respect to such a prosecution:

      A.      The United States may use any statement that Defendant made pursuant to this agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

      B.      Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6. Speedy Trial Waiver

Defendant agrees to waive, and hereby does waive, any and all rights she might have under the Speedy Trial Act, 18 U.S.C. §§ 3161–64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. Validity of Other Agreements; Signature

This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter her guilty plea or is allowed to withdraw her guilty plea entered hereunder, and the Court determines that Defendant has not breached this agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies her full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 4/23/2019

_____
Jessica Childs
Defendant

I am legal counsel for Jessica Childs. I have carefully reviewed every part of this Agreement with Ms. Childs. To my knowledge, Ms. Childs's decision to enter into this Agreement is an informed and voluntary one.

Date: 4/23/2019

_____
Stacey D. Neumann, Esquire
Attorney for Defendant

FOR THE UNITED STATES: Halsey B. Frank
United States Attorney

Date: 1/9/19

_____
Craig M. Wolff
Assistant U.S. Attorney

Approved: _____
Supervisory Assistant U.S. Attorney

Page 5 of 5