UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )   Criminal No. 2:19-cr-67-DBH |
| | ) |
| JESSICA CHILDS, | ) |
| | ) |
| Defendant | ) |

### DECISION AND ORDER ON DEFENDANT'S MOTION
### FOR COMPASSIONATE RELEASE AND REDUCTION IN SENTENCE

If a prisoner persuades the Bureau of Prisons to release her early to home confinement on account of the COVID-19 pandemic, can she then seek from the court a reduction of her confinement because she can no longer access BOP programs that would otherwise give her credit against her sentence? In this case I conclude the answer is No.

On January 8, 2020, I sentenced Jessica Childs to 13 months imprisonment for wire fraud, followed by five years supervised release (ECF No. 35). The Guideline sentence was 15 to 21 months, but I imposed a variant sentence in part because of concern over a family member's mental health (ECF No. 36). Childs was assigned to FCI Danbury.

On April 14, Childs filed a motion for immediate release to home confinement (ECF No. 38). The government opposed the motion and I appointed Childs's previous lawyer to represent her (ECF Nos. 39, 40). Thereafter, BOP

released Childs to home confinement on May 20, 2020, and her lawyer withdrew the motion for court involvement (ECF No. 44).

On August 11, 2020, acting pro se, Childs filed this "motion for compassionate release and reduction in sentence" for extraordinary and compelling reasons.  18 U.S.C. § 3582(c)(1)(A).[1]  She says that without the early release to home confinement she would have been eligible for release October 6, 2020, to community confinement (Pharos House), and before then could have participated in BOP "evidence-based recidivism reduction programming or productive activities" that could have reduced her overall sentence by 54 additional days.  Def.'s Mot. (ECF No. 45).  She also says that home confinement restrictions make it difficult for her to "make a livable wage."  Id.

I **DENY** the motion for two reasons.

First, section 3582(c)(1)(A) gives me authority to act only if Childs filed, at least 30 days before this motion, a request to the warden of her facility that the BOP make such a motion.  There is no indication she has done so.

Second, Childs does not satisfy the statutory standard that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).[2]  She chose to seek home confinement relief from BOP and achieved her goal. Both her resulting inability to complete BOP evidence-based recidivism reduction programming and her home confinement restrictions that impede her search for the type of employment she prefers were a natural consequence of her release to

---

[1] She also cites 18 U.S.C. § 4205(g), the repealed parole statute, but Childs is not on parole.
[2] Childs does not qualify under (ii), which deals with prisoner 70 years or older who have served 30 years served in prison.

home confinement.[3]  They hardly amount to "extraordinary and compelling reasons" to further reduce her sentence.

The motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 23RD DAY OF SEPTEMBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] I note also that without the benefit of the recidivism-reducing programs the rationale for the reduced imprisonment time is weakened.